IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Marcus Antwan Manick, ) | | |
| ) | | |
| ) | Civil Action No. 6:14-2656-BHH-KFM | |
| Plaintiff, ) | | |
| ) | **REPORT OF MAGISTRATE JUDGE** | |
| vs. ) | | |
| ) | | |
| Commissioner of Social Security, ) | | |
| ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

      This is a civil action filed by a pretrial detainee confined at a local detention center. Therefore, in the event that a limitations issue arises, the plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civ. Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

      In an order (doc. 5) filed in this case on July 1, 2014, the undersigned granted the plaintiff's motion for leave to proceed *in forma pauperis* and directed the plaintiff to bring this case into "proper form" by submitting Answers to Special Interrogatories and service documents. The plaintiff submitted Answers to Special Interrogatories (doc. 11) and the service documents (doc. 12). On July 14, 2014, the undersigned authorized service of process in this case (doc. 17).

      Counsel for the defendant filed a motion to dismiss (doc. 22) on November 18, 2014. On December 8, 2014, the undersigned issued an order apprising the plaintiff that he had until December 31, 2014, to file a response to the motion to dismiss, and apprised the plaintiff that if he failed to respond, this case may be dismissed *with prejudice* for failure

to prosecute. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (*pro se* litigant must be apprised of consequences of failure to respond to a dispositive motion filed by an adverse party). As of today's date, the plaintiff has not responded to the Commissioner's motion to dismiss.

In his complaint, the plaintiff challenges the termination of his Title XVI Supplemental Security Income ("SSI") benefits. In the memorandum in support of the motion to dismiss, the Commissioner states: (1) the plaintiff failed to appear before the ALJ at a hearing scheduled for January 3, 2012, although he had been notified of the hearing in writing and had acknowledged his receipt of the hearing notice; (2) on January 4, 2012, the ALJ issued a decision, which dismissed the plaintiff's request for a hearing; (3) the plaintiff did not appeal to the Appeals Council before initiating this civil action; (4) as a result, there is no final decision of the Commissioner for review; and (5) the plaintiff did not exhaust his administrative remedies (doc. 22-1 at 1–5).

The Social Security Act provides for judicial review of adverse decisions rendered by the Social Security Administration. 42 U.S.C. § 405(g). The Supreme Court of the United States has enumerated three requirements for judicial review:

> Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the [Commissioner] made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the [Commissioner] may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue.

*Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975).

The Supreme Court noted that the second and third requirements were waivable by parties. *Id*. The first requirement, *i.e.,* a final decision of the Commissioner made after a hearing was not listed or categorized as waivable, unlike the statute of limitations and venue. *Id.* at 764. The Supreme Court held that the first requirement was

mandatory: "We interpret the first requirement, however, to be central to the requisite grant of subject matter jurisdiction—the statute empowers district courts to review a particular type of decision by the [Commissioner], that type being those which are 'final' and "made after a hearing." *Id.*

The Commissioner's regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a); *see Califano v. Sanders*, 430 U.S. 99, 102 (1977) ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]."). To obtain a judicially reviewable "final decision after a hearing," claimants must pursue administrative appeal rights in accordance with the regulations. 20 C.F.R. §§ 416.1405, 416.1421, 416.1455, 416.1481. The regulations specifically state that a "claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review." *Id.* § 422.210. In this case, the ALJ dismissed the plaintiff's request for a hearing on January 4, 2012 (doc. 22-2, Hartt decl. ex. 2).

Since the ALJ dismissed the plaintiff's request for a hearing, the plaintiff has not received "a final decision of the [Commissioner] made after a hearing" and, therefore, has not exhausted his administrative remedies. Because the plaintiff has not exhausted the administrative process, it is recommended that the District Court grant the Commissioner's motion to dismiss (doc. 22). The attention of the parties is directed to the Notice on the next page.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

May 5, 2015
Greenville, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).