IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Antwan Manick, ) | Civil Action No.: 6:14-2656-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Carolyn W. Colvin, Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is a civil action filed by a pretrial detainee confined at a local detention center. In this action, the plaintiff Marcus Antwan Manick ("the plaintiff") challenges the termination of his Title XVI Supplemental Security Income ("SSI") benefits. The plaintiff filed his complaint essentially seeking back pay of his SSI benefits. (ECF No. 1.)

The matter is currently before the Court for review of the Report and Recommendation ("Report") of Magistrate Judge Kevin F. McDonald made in accordance with 28 U.S.C. § 636(c) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C. and filed on May 5, 2015. (ECF No. 31.) In the Report, Magistrate Judge McDonald recommends that this action be dismissed for plaintiff's failure to exhaust his administrative remedies. The Magistrate Judge advised the plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 31 at 4.) The plaintiff has filed no objections and the time for doing so expired on May 22, 2015.

**STANDARD**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final

determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[D]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Here, because no objections have been filed, the Court has reviewed the Magistrate Judge's findings and recommendations for clear error and finds the Magistrate Judge's recommendation to be proper. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 31) by reference into this order. It is therefore ORDERED that Defendant's motion to dismiss (ECF No. 22) is GRANTED, and this case is dismissed.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

June 23, 2015
Greenville, South Carolina